## In re LOWMAN.
### No. 2095.

District Court, N. D. Indiana, Hammond Division.

Nov. 20, 1934.

Otto Gresham, of Chicago, Ill., for petitioner.

Stuart, Stuart & Devol, of Lafayette, Ind., for Lafayette Ins. Co.

Draper & Draper, of Gary, Ind., and H. C. Lust, of Fowler, Ind., amici curiæ.

SLICK, District Judge.

On July 30, 1934, petitioner, Bertha Lowman, filed her petition, stating among other things that she had filed a petition for com-

position in this court on the 24th day of July, 1934, under section 75 of the Bankruptcy Act (11 USCA § 203).

Among other things, she alleges that a farm belonging to her was sold by the sheriff of Benton county on the 5th day of August, 1933, and that the period of her right to redeem will expire August 5, 1934, and a deed would be issued on that date by the sheriff unless restrained. She prays that the sheriff be restrained from issuing such deed, and that the Lafayette Life Insurance Company, purchaser at the sheriff's sale in August, 1933, be restrained and enjoined from accepting and receiving such deed from the sheriff.

At the time this petition was filed, the judge of the Northern District of Indiana was absent, and the matter was taken before Judge Baltzell of the Southern District, who had previously been designated to try cases and dispose of matters in the Northern District. A transcript of the proceedings before Judge Baltzell was made and is before me. There was considerable discussion between Judge Baltzell and counsel, and, this being a new question, Judge Baltzell suggested that the matter be deferred until the regular judge of the Northern District should return and dispose of the matter. Counsel for the Lafayette Life Insurance Company demurred to allowing this matter to remain in status quo, but, from the entire proceedings, it would appear that the Lafayette Life Insurance Company was to make a demand upon the sheriff, but at the same time the sheriff was to be instructed not to honor such demand, and not to deliver the deed.

This was practically agreeing that the whole matter should remain in status quo until it could be decided, and the decision of this court is now made as if it were made on the 1st day of August, 1934; that being the time when the matter was presented to Judge Baltzell.

This is a new question, and has given me considerable trouble. Several other cases are pending involving the same question; that is, the right of this court to enjoin the delivery of a deed at the expiration of the year of redemption. The question is of interest to other litigants, and two other counsel have asked permission to file briefs as amici curiæ.

After considering and studying these briefs and having in mind that this and all other bankruptcy matters are to be given a broad construction, I have finally come to the conclusion that this court has the power to stay proceedings of this nature.

Section 75 (o) provides that, except by permission of the judge, the following proceedings shall not be instituted or maintained, to wit:

"(1) Proceedings for any demand, debt, or account, including any money demand;

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land;

"(3) Proceedings to acquire title to land by virtue of any tax sale;

"(4) Proceedings by way of execution, attachment, or garnishment;

"(5) Proceedings to sell land under or in satisfaction of any judgment or mechanic's lien; and

"(6) Seizure, distress, sale, or other proceedings under an execution or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage." Section 75, subd. (o), title 11 USCA § 203 (o).

It would seem that Congress intended by the scope of this act to stay all proceedings of any kind or nature in the state or federal courts affecting the bankrupt or his property. Therefore injunction should have issued at the time of the hearing on August 1, 1934, and, if it should have issued at that time, the fact that the court has delayed should not result in injury to the petitioner's rights.

The injunction will therefore issue. Counsel for petitioner may prepare a proper order to be filed.

Counsel for the Lafayette Life Insurance Company have requested additional oral argument on the question of the constitutionality of section 75. If this is desired, time will be assigned to hear oral argument on that question. In the meantime, however, the injunction will issue.